UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DURELL T. CRAIN,<br><br>Plaintiff,<br><br>v.<br><br>JASON SMILEY, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-827-PPS-APR |

## ORDER

Durell T. Crain, a prisoner without a lawyer, filed a document titled as an "Emergency MOTION Informing Court of Plaintiff's Transfer to General Population Step Down Program, Plaintiff Informing Court Before Transfer to Attempt to Stop Transfer, and Plaintiff Life Being in Danger and to Order Immediate Transfer to 1 Man Cell PCU." ECF 52. In the motion, Crain indicates that he was transferred to Newcastle Correctional Facility on February 11, 2026. He is being housed in a cell with another inmate. While at recreation, he heard about an inmate who had been stabbed in the eye.[1] Crain believes that the inmates at Newcastle Correctional Facility will become aware of an alleged plot to murder him, and he therefore wants to be housed in a one-man cell in a protective custody unit.

---

[1] Crain does not indicate that this alleged act of violence, which he heard about second hand, had anything to do with him.

Also pending before me is Crain's motion to reconsider this court's January 5, 2026, screening order. ECF 30. In my order dated January 5, 2026 (ECF 25), I granted Crain leave to proceed:

- against Dr. Liaw in his individual capacity for compensatory and punitive damages for deliberate indifference to Crain's serious medical needs when he discontinued Crain's order for Air Duo in September 2025 without offering any alternative treatment for Crain's ongoing breathing problems related to his asthma diagnosis, in violation of the Eighth Amendment;

- against Captain Rippe and UTM Sonnenburg in their individual capacities for compensatory and punitive damages for retaliating against Crain for filing an emergency grievance by removing the fan from in front of his cell in September 2025, knowing the fan was placed there to limit Crain's exposure to smoke that he asserts aggravates his asthma, in violation of the First Amendment;

- against Nurse Berbaker in her individual capacity for compensatory and punitive damages for deliberate indifference to Crain's serious medical needs when she ignored multiple healthcare requests forms regarding pain that Crain associates with his organs, leaving him without any assessment or treatment of this condition whatsoever, in violation of the Eighth Amendment; and

- against Warden Smiley in his official capacity only, for injunctive relief to receive medical or mental health care, to the extent required by the Eighth Amendment, for the following conditions: (a) breathing problems associated with asthma; (b) pain that Crain associates with his organs; and (c) emotional distress and hearing voices.

In Crain's motion for reconsideration, he asks the court to allow him to pursue claims against Gabrielle Adney, Warden Jason Smiley, Lloyd Arnold, and Erin Williams. ECF 30. He also asks the court to grant a preliminary injunction ordering the Indiana Department of Correction "to Guarantee the Court a Proper Holding Facility / Cell for Safety Precaution's [sic] of his Status." *Id.* In short, Crain claims that the additional defendants he has listed each knew that Crain claimed there was heavy smoke in his living area, and he wants me to order that he be housed in an area where there is less smoke.

I have reviewed my January 5, 2026, order (ECF 25) and I stand by my decision to dismiss Commissioner Lloyd Arnold, Erin William, and Gabrielle Adney. I also stand by my decision to allow Crain to proceed against Warden Smiley only on the claims enumerated in the screening order. Additionally, Crain seems to be asking that I expand the scope of the preliminary injunctive relief at issue in this case, which I limited to "Crain's need for medical care relating to his asthma and breathing difficulties, the pain that Crain associates with his organs, and the emotional distress, voices, and delusions that Crain describes in his amended complaint." ECF 25 at 22. I have reviewed the order and find no reason to expand the scope of the claim for injunctive relief. Furthermore, in light of Crain's placement in a different facility, his requests for preliminary injunctive relief related to his medical needs while housed at Westville Correctional Facility are now moot, and his requests for preliminary injunctive relief (ECF 4; ECF 6; ECF 19) will therefore be denied. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

Crain's most recent emergency motion seeking preliminary injunctive relief (ECF 52) concerns matters that fall outside the scope of this litigation. This new request has nothing to do with Crain's asthma or alleged exposure to smoke, and it does not concern matters taking place at Westville Correctional Facility. Therefore, it too will be denied.

**With these matters resolved, there are NO ISSUES before me in this case that warrant an emergency motion, and Crain is CAUTIONED that continuing to file emergency motions in this case will result in sanctions, including but not limited to possible dismissal of this action or a ban on filing papers in this court.**

For these reasons, the court:

(1) DENIES Durell C. Crain's Motion for Reconsideration (ECF 30);

(2) DENIES Durell C. Crain's requests for preliminary injunctive relief, including the requests contained in his amended complaint, as moot (ECF 4; ECF 6; and ECF 19);

(3) DENIES Durell C. Crain's "Emergency MOTION Informing Court of Plaintiff's Transfer to General Population Step Down Program, Plaintiff Informing Court Before Transfer to Attempt to Stop Transfer, and Plaintiff Life Being in Danger and to Order Immediate Transfer to 1 Man Cell PCU" (ECF 52) because if falls outside the scope of this case; and

(4) CAUTIONS Durell C. Crain that filing motions seeking emergency or preliminary injunctive relief in this case, now that the court has made it clear that these issues are fully resolved, could result in sanctions, including but not limited to dismissal of this action or a ban of filing papers in this court.

ENTERED:  February 25, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT